IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CV-19-FL

| | | |
|---|---|---|
| TRAWLER CAROLINA LADY, INC., a North Carolina Corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| WILBUR ROSS, Secretary of Commerce; CHRIS OLIVER, National Oceanic and Atmospheric Administration Assistant Administrator for Fisheries; MICHAEL PENTONY, National Marine Fisheries Service Regional Administrator, Greater Atlantic Regional Fisheries Office; DAVID GOUVEIA, National Marine Fisheries Service Assistant Regional Administrator for Analysis and Program Support, Greater Atlantic Fisheries Office, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on motions by defendants to limit review to the administrative record (DE 29) and for protective order (DE 39).[1] The issues raised have been briefed fully, and in this posture are ripe for ruling. For the following reasons, the motions are granted.

### BACKGROUND

Plaintiff commenced this action on January 31, 2019, against defendants Wilbur Ross, Secretary of Commerce and subordinate government agency officials (hereinafter "defendants," or

---

[1] Also pending is defendants' motion to seal (DE 43), which is not yet ripe and will be addressed by separate order. In addition, plaintiff's motion for preliminary injunction incorporated into the complaint (DE 1), is still pending and will be addressed by separate order following filing of administrative record and additional briefing, as detailed further herein.

the "government") seeking judicial review of administrative decisions by the government denying scallop fishing permit replacement applications by plaintiff for the 2018/2019 fishing season, ending March 31, 2019. In its first claim for relief, plaintiff asserts the government violated the Administrative Procedure Act, 5 U.S.C. § 704, by wrongfully denying plaintiff's applications to transfer a scallop fishing permit from one vessel, the F/V CAPT. JEFF, to another vessel, the F/V MISS TYLER (1), and then to another vessel, F/V MISS TYLER (2).[2] In its second claim for relief, for mandamus under 28 U.S.C. § 1361, plaintiff seeks to compel the government to approve said transfer applications.

In particular, as pertinent to the instant motions, the complaint alleges the following information regarding plaintiff's three vessels, their status, and their permitting:

1. F/V CAPT. JEFF

   Official Number: 906996

   Status: Broken down, being rebuilt.

   Permitting: Had fishing permit number 330626 that it couldn't use.

2. F/V MISS TYLER (1)

   Official Number: 651715

   Status: Operable.

   Permitting: Plaintiff applied June 12, 2018, to transfer permit 330626 to F/V MISS TYLER (1), but the government denied the transfer application

---

[2] As detailed herein, plaintiff owns two vessels named "F/V MISS TYLER" and for ease of reference the court adds either designation (1) or (2) to differentiate them, in addition to the official vessel number specified in the text.

2

on July 16, 2018, because plaintiff's purchase of F/V MISS TYLER (1) was not an arms length purchase.

3. F/V MISS TYLER (2), F/K/A LET IT RIDE

Official Number: 522950

Status: Purchased by plaintiff in November 2018, refurbished with new engine, and now operable.

Permitting: Plaintiff applied on November 26, 2018, to transfer permit 330626 to F/V MISS TYLER (2). The government denied the transfer application on December 20, 2018.[3]

In addition to declaratory and mandamus relief, plaintiff seeks preliminary injunctive relief and final injunctive relief in the form of an order allowing plaintiff to fish its allocated 2018/2019 "Days at Sea," its 9.9 days carried over from the previous scallop season, and its six allocated access trips, "during the 2019/2020 Atlantic Sea Scallop season should it be unable to fish those allocated days and trips during the 2018/2019 Atlantic Sea Scallop season." (Compl. p. 18). Finally, plaintiff seeks costs and attorney's fees.

The government responded in opposition to the motion for preliminary injunction on February 25, 2019, arguing that the relief requested therein was moot because the government had reconsidered its December 20, 2018, denial of the transfer application, and it would be issuing the requested replacement permit for F/V MISS TYLER (2). The government filed notice of such issuance of replacement permit (new No. 410134) on February 28, 2019, which permit applies to

---

[3] As detailed further herein, the government reconsidered this denial of plaintiff's application and issued a replacement permit to plaintiff in February 2019.

both the "2018 Fishing Year," expiring March 31, 2019, and the "2019 Fishing Year," expiring March 31, 2020. (DE 15-2 at 1-2).

The government contends that, under applicable regulations, plaintiff will be authorized to use "carryover provisions" for the 2018 season, through the first 60 days of the 2019 fishing year. According to the government, the additional relief sought by plaintiff "can be extensively if not wholly redressed without judicial intervention within the context of the applicable carryover regulations" and that other relief sought extending the fishing season is legally unavailable and inequitable to other fishers.

Following filing thereof, on March 12, 2019, the court entered the following show cause order:

> TEXT ORDER regarding 1 MOTION for Preliminary Injunction. In response to preliminary injunction motion, defendants state that they have provided the preliminary relief requested rendering the motion moot. Defendants have filed documentation thereof and notice of issuance of permits. Plaintiff filed no reply in further support of its motion. Upon review of the motion, memorandum in support, response in opposition, and the record in this matter, unless good cause is shown within seven days hereof why the motion for preliminary injunction should not be denied as moot, without more the clerk of court is directed then to terminate that motion.

Plaintiff responded in further support of its preliminary injunction motion on March 19, 2019, arguing 1) that the case is not moot, 2) that the court still has authority to order preliminary injunctive relief in the form of extension of the 2018 fishing season, and 3) that plaintiff still must be rewarded attorney's fees.

The court held Rule 16 telephonic status conference on March 28, 2019, at which the court directed the parties to file a proposed consent order regarding case scheduling, and set the case for

4

bench trial and motion hearing on July 19, 2019, at 9:30 a.m. The government filed an answer to the complaint on April 5, 2019, and proposed consent order the same date.

The court entered case management order on April 9, 2019, noting that the government "maintain[s] it will not be necessary or appropriate for the parties to conduct discovery and for the court to consider information outside the administrative record." (Order (DE 28) at 2). The court directed the government to file a motion for protective order, if necessary. The court also directed the government to file the administrative record on or before April 30, 2019. "Reserving all objections," the court set forth deadlines for discovery to be completed by May 30, 2019, and for dispositive motions to be filed by May 31, 2019. (Id.). With respect to trial, the court noted that the government "maintain[s] that trial is not necessary or appropriate," reiterated the previously scheduled July 19, 2019, trial date, and noted that "[a]fter the court has ruled on any dispositive motion(s), the court will enter such further order governing deadlines and procedures for trial, as appropriate." (Id. at 7).

The government filed the instant motion to limit review to the administrative record on April 24, 2019, and it filed a notice of filing of administrative record on April 29, 2019, accompanied by a certification of the administrative record and index by defendant David Gouveia ("Gouveia"), Assistant Regional Administrator for Analysis and Support Division, United States Department of Commerce.

The government filed the instant motion for protective order on May 2, 2019, relying upon plaintiff's discovery requests and the filed administrative record. Plaintiff filed joint response in opposition to the instant motions on May 7, 2019. The government filed reply to the joint response

on May 16, 2019, relying upon plaintiff's initial disclosures. That same date the government filed a notice of filing of supplemental administrative record, accompanied by certification thereof.

**COURT'S DISCUSSION**

The controlling issues raised by the instant motions are the same: whether the court must limit review to the administrative record and, thus, preclude discovery outside the administrative record, as the government contends. For the following reasons, the court resolves these issues in favor of the government, at this juncture in the case.

In reviewing agency action pursuant to the Administrative Procedure Act ("APA"), "the court shall review the whole record." 5 U.S.C. § 706. "Judicial review of administrative action is generally confined to the administrative record." Fort Sumter Tours, Inc. v. Babbit, 66 F.3d 1324, 1335 (4th Cir. 1995). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). According to "fundamental principles of judicial review of agency action . . . [t]he task of the reviewing court is to apply the appropriate APA standard of review, to the agency decision based on the record the agency presents to the reviewing court." Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985).[4]

---

[4] For purposes of the instant motions, the court treats the scope of review under the APA (plaintiff's first claim) and review under the mandamus statute, 28 U.S.C. § 1361 (plaintiff's second claim) as coextensive, leaving for another day decision on whether the mandamus statute provides any different relief for plaintiff under the circumstances of this case. See, e.g., South Carolina v. United States, 907 F.3d 742, 755 (4th Cir. 2018) (noting that where a plaintiff "can obtain the relief it seeks under the APA, . . . such relief bars any related redress by way of mandamus"); Murray Energy Corp. v. Adm'r of Envtl. Prot. Agency, 861 F.3d 529, 537 n. 4 (4th Cir. 2017) (analyzing review under APA in conjunction with review under the mandamus statute); see also Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers, 417 F.3d 1272, 1280 (D.C. Cir. 2005) (noting that APA action to "compel agency action . . . is similar to a petition for mandamus").

"[W]hole record . . . review is to be based on the full administrative record that was before the [decisionmaker] at the time he made his decision." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971). "The whole administrative record, therefore, consists of all documents and materials directly or indirectly considered by agency decision-makers." In re United States, 138 S.Ct. 371, 372 (2017) (quotations omitted). "[C]onsideration of . . . post hoc documents in deciding [an] administrative appeal is inappropriate." Trinity Am. Corp. v. U.S. E.P.A., 150 F.3d 389, 401 n. 4 (4th Cir. 1998); see Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993) ("The court assumes the agency properly designated the [a]dministrative [r]ecord absent clear evidence to the contrary.").

"The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking." Fla. Power & Light Co., 470 U.S. at 744; see Virginia Agr. Growers Ass'n, Inc. v. Donovan, 774 F.2d 89, 92 (4th Cir. 1985) (holding that district court erred "in holding a trial to determine whether the agency had considered all relevant factors" to agency decision); Fishermen's Dock Co-op., Inc. v. Brown, 75 F.3d 164, 168 (4th Cir. 1996) (declining to consider the district court's "own ad hoc self-education in statistics" obtained through hearing in district court). "The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." Fla. Power & Light Co., 470 U.S. at 744. "Courts should not conduct far-flung investigations into the subjective intent of an agency." Nat'l Audubon Soc'y v. Dep't of Navy, 422 F.3d 174, 198 (4th Cir. 2005).

"While review of an agency decision is usually confined to that record, 'there may be circumstances to justify expanding the record or permitting discovery.'" Id. at 188 n. 4 (quoting Fort

7

Sumter Tours, 66 F.3d at 1336). For example, when "there [is] such a failure to explain administrative action as to frustrate effective review" the court may "obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." Camp, 411 U.S. at 142-43. However, "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Fla. Power & Light Co., 470 U.S. at 744.

By contrast, where the agency proffers a contemporaneous explanation of the agency decision, "there must be a strong showing of bad faith or improper behavior before [an inquiry into the mental processes of administrative decisionmakers] may be made." Overton Park, 401 U.S. at 420; see Prof'l. Massage Training Ctr., Inc. v. Accreditation All. of Career School and Colleges, 781 F.3d 161, 178 (4th Cir. 2015) (holding that agency staff's hostility toward applicant for educational accreditation was insufficient evidence of bias to justify "a more searching inquiry in the motivations of administrative decisionmakers[.]"); United States v. Shaffer Equip. Co., 11 F.3d 450, 460 (4th Cir. 1993) (finding bad faith where agency investigator filed fraudulent documents and perjured himself in connection with statements of his credentials, rendering unreliable a portion of the administrative record of unknown scope).

Plaintiff has not demonstrated a need at this juncture to depart from the general rule that review of the government's decisions is confined to the administrative record now filed on the docket. The administrative record is voluminous and expansive, comprising several thousands of pages on the court's docket. (See Index (DE 38-1) at 5; (DE 41-1)). It includes comprehensive

history of the rules being applied and contemporaneous explanations of the permitting decisions by the government at issue in the instant case. (See DE 31-37, 41). Thus, plaintiff has not demonstrated a need to remand to the government for additional explanation. See Fla. Power & Light, 470 U.S. at 744. In addition, plaintiff has not alleged or asserted any facts constituting a "strong showing of bad faith or improper behavior" to justify expanding the record beyond the administrative record certified by the government. Overton Park, 401 U.S. at 420. The court addresses in turn below several grounds for discovery asserted by plaintiff.

  A. Administrative Record is Incomplete

Plaintiff argues that the administrative record is incomplete, and that it "should have an opportunity to determine, by limited discovery, other documents tending to show that NMFS's new 2018 interpretations of its regulations are inconsistent with its prior interpretations." (Resp. (DE 40) at 5). The issue before the court, however, is what documents were considered by the decisionmaker at the time of the instant permitting decisions, not what documents or information conceivably could have been or may be present to impugn the decisions. See Fla. Power & Light, 470 U.S. at 743 (judicial review is "based on the record the agency presents to the reviewing court"); Overton Park, 401 U.S. at 420 ("[R]eview is to be based on the full administrative record that was before the [decisionmaker] at the time he made his decision."). In any event, plaintiff has not demonstrated that the types of documents it describes are not already in the thousands of pages already comprising the administrative record on the court's docket. See id.; see also Tafas v. Dudas, 530 F. Supp. 2d 786, 796 (E.D. Va. 2008) ("[T]heorizing that [additional] documents may exist . . . fails to overcome the presumption that the record is complete.").

9

Plaintiff cites to Nat. Res. Def. Council, Inc. v. Train, 519 F.2d 287, 292 (D.C. Cir. 1975) for the proposition that "plaintiffs are entitled to an opportunity to determine, by limited discovery, whether any other documents which are properly part of the administrative record have been withheld." Train, however, is instructively distinguishable from the instant circumstances. There, "the plaintiffs by way of an affidavit from their counsel made a substantial showing in the District Court that the Administrator had not filed the entire administrative record with the court," by "specif[ying] several documents that had been omitted, including the Administrator's Briefing Book." Id. at 291. There, "[n]otwithstanding this showing[,] the Administrator did not produce the Briefing Book nor did he ever claim that he had filed the entire administrative record." Id. Here, by contrast, plaintiff has not identified any specific missing documents that were before the decisionmaker, and the government has claimed and certified already that it has filed the entire administrative record.

B.    Background Information

Plaintiff argues that discovery of background information is needed to clarify "the subject matter involved with agency action under review." (Resp. (DE 40) at 5). Plaintiff suggests that such background information includes "interpretive rules or guidelines, internal agency guidelines, opinion letters, enforcement guidelines, legislative rules, etc." (Id. at 6). The administrative record, however, already includes such materials. It includes a 1994 agency memorandum setting forth guidance interpreting applicable regulations, as well as final rules implementing regulations, including background regarding the agency action under review. (See, e.g., DE 31-2 – 31-3; 35-4 – 35-10; 36-12; 36-18; 37-25). It also includes a 2019 memorandum addressing the 1994 guidance

(DE 37-10 – 37-12). Plaintiff has not demonstrated a need for discovery of additional background information.

Plaintiff cites Metrex Research Corp. v. United States, 151 F.R.D. 122, 124 (D. Colo. 1993), for the proposition that discovery of background information to enable the court to understand or clarify issues on review is appropriate. As an initial matter, Metrex is not binding on this court, and it is not persuasive as a general matter, in light of the binding authorities discussed herein. In any event, Metrex is distinguishable. There, the court noted that the "Plaintiff claims that [an EPA chemical sterilization] Test and the laboratory procedures used to test its products were flawed, and that the resulting data, therefore, is invalid." Id. The instant case does not require analysis of scientific concepts or the validity of a scientific test. Therefore, additional discovery for background purposes is not warranted.

C. New Evidence After Decisions Made

Plaintiff asserts it should be entitled to discovery of "new evidence coming into existence after [defendants] acted demonstrat[ing] that [defendants'] actions were wrong." (Resp. (DE 40) at 5). As an initial matter, discovery of "new evidence" following a decision under review generally is precluded: "[R]eview is to be based on the full administrative record that was before the [decisionmaker] at the time he made his decision." Overton Park, 401 U.S. at 420. "[C]onsideration of . . . post hoc documents in deciding [an] administrative appeal is inappropriate." Trinity Am. Corp., 150 F.3d at 401 n. 4.[5]

Plaintiff seeks discovery of information that the government "now allowing vessel replacements with vessels that have fished their days at sea under different ownership during the

---

[5] For this reason, the court finds unhelpful plaintiff's citation again to Metrex Research Corp. v. United States, 151 F.R.D. 122, 124 (D. Colo. 1993), for the proposition that discovery of "new evidence" is appropriate.

same scallop season." (Resp. (DE 40) at 5)). But, "Defendants do not dispute this assertion - - as evidenced by Defendants' reconsidered decision to grant the replacement permit to Plaintiff's vessel even though it had fished its days at sea under different ownership in the same scallop season." (Reply (DE 42) at 6). Documents regarding the government's reconsideration of its prior denial of permit to plaintiff are already in the administrative record. (See, e.g., DE 36-33; DE 36-37; DE 37-10 – 37-12). Moreover, the administrative record already includes documents pertaining to other recent permit actions along the lines of the reconsideration by the government. (See, e.g., DE 36-32; DE 36-35; DE 37-21; DE 37-22). Thus, plaintiff fails to demonstrate a need for discovery of additional "new evidence" pertinent to the agency actions under review.

Furthermore, plaintiff has not demonstrated that any additional discovery of "new evidence" is necessary to determine the issues remaining for decision by the court. See Fed. R. Civ. P. 26(b)(1). Given the government's reconsideration of its December 2018 replacement application denial, the government forecasts a substantial legal issue concerning whether and to what extent the instant claims are moot, and the nature of the appropriate remedy or relief, if any, due to plaintiff. Further discussion of merits issues in this order is not warranted, where dispositive motions have not yet been filed for the court's consideration. Nothing in this order precludes plaintiff from demonstrating through an appropriate showing that "for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion advanced by the government. Fed. R. Civ. P. 56(d).

D.     Bad Faith

Plaintiff argues that the government acted in bad faith by failing to include in the administrative record additional documents as set forth herein above. Where the court has

determined that plaintiff failed to demonstrate a need for expansion of the administrative record, and plaintiff has not demonstrated bad faith in other respects, plaintiff's suggestion of bad faith necessarily fails.

E. Estoppel

Plaintiff argues that the government should be estopped from opposing discovery where the government itself has propounded discovery in this case. In case management order, however, the court directed the parties to proceed with discovery, while "[r]eserving all objections." (Order (DE 28) at 2). The court also expressly noted that "defendants anticipate filing a motion to limit review to the administrative record, and, if necessary, motion(s) for protective order(s) barring discovery." (Id.). Therefore, application of estoppel is not warranted.

F. Inconsistent Interpretations

Plaintiff argues that the government's "inconsistent interpretations" of its regulations "are relevant to plaintiff's claim." (Resp. (DE 40) at 11). As noted above, the fact of the government's reconsideration of its December 2018 application denial, and the reasons given therefor, is documented in the administrative record. Plaintiff has not demonstrated that additional discovery is necessary to supplement the record regarding the issue of inconsistent interpretations of regulations.

G. Summary Judgment Inappropriate

Finally, plaintiff argues that summary judgment is inappropriate, where defendants have denied most of plaintiff's material allegations, where discovery is incomplete, and there will be genuine issues of material fact. This argument, however, misses the mark, where review under the Administrative Procedures Act is based upon the administrative record. See Camp, 411 U.S. at 142;

Fla. Power & Light Co., 470 U.S. at 743-44; Overton Park, 401 U.S. at 420; Virginia Agr. Growers Ass'n, 774 F.2d at 92; Fort Sumter, 66 F.3d at 1335. As noted above, to the extent plaintiff asserts that summary judgment is not warranted, plaintiff may set forth those reasons in an opposition to a summary judgment motion.

## CONCLUSION

Based on the foregoing, defendants' motion to limit review to the administrative record (DE 29) and for protective order (DE 39) are GRANTED. The court hereby ORDERS that defendants need not respond to plaintiff's discovery requests absent further order of the court.

SO ORDERED, this the 23rd day of May, 2019.

LOUISE W. FLANAGAN
United States District Judge